UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

                             :     **SEALED INDICTMENT**

                             :

UNITED STATES OF AMERICA     :     21 Cr. _____

        - v. -              :

MICHAEL ROSE,            :     **21 CRIM 224**

                             :

           Defendant.      :

                             :

- - - - - - - - - - - - - - - - - - - x

## COUNT ONE

**(Conspiracy to Violate the
International Emergency Economic Powers Act)**

The Grand Jury charges:

### BACKGROUND

1.     The charges in this Indictment arise out of a multi-year scheme to violate and evade U.S. sanctions and national security controls against Iran.  MICHAEL ROSE, the defendant, and others known and unknown, used front companies located in the United Arab Emirates ("UAE") and elsewhere to evade prohibitions against Iran's access to the U.S. financial system and against exporting goods from the United States to Iran.

2.     At all times relevant to this Indictment, MICHAEL ROSE, the defendant, served as the President of Forsythe Cosmetic Group, Ltd ("Forsythe"), a Long Island-based cosmetics manufacturer and supplier.  In that role, ROSE managed, among other

things, Forsythe's operations and its international sales business, and caused Forsythe to export from the United States more than $350,000 worth of cosmetics to a co-conspirator not named as a defendant herein ("CC-1") and CC-1's company in Iran ("Company-1") via the UAE.  CC-1 used front companies to make payments to Forsythe in New York on behalf of Company-1 in Iran and to arrange for the transshipment of the U.S. goods to Iran via the UAE.

3.    Neither MICHAEL ROSE, the defendant, nor Forsythe has sought or been granted an export license by the United States Department of Treasury's Office of Foreign Assets Control ("OFAC") to export goods from the United States to Iran, and neither has anyone else mentioned in this Indictment.

### The Sanctions-Evasion Scheme

4.    In furtherance of the scheme to violate and evade U.S. sanctions and national security controls against Iran, MICHAEL ROSE, the defendant, and others known and unknown, used front companies located in the UAE to evade prohibitions against Iran's access to the U.S. financial system and against exporting goods from the United States to Iran.

5.    In order to maintain the fiction that companies outside of Iran were purchasing the goods that were in fact purchased by Company-1, CC-1 caused money to be transferred from

Bank Mellat, an OFAC-sanctioned bank in Iran, to bank accounts
controlled by a co-conspirator not named as a defendant herein
("CC-2") in the UAE.  CC-2 then transferred payments for the goods
to Forsythe and Company-1 through financial institutions in the
Southern District of New York and elsewhere.

6.   MICHAEL ROSE, the defendant, and others known and
unknown, further arranged for U.S. companies to ship the goods to
the UAE, to mask the ultimate destination of the goods, Iran.

7.   From at least in or about March 2016 until at
least in or about April 2016, MICHAEL ROSE, the defendant, filed
false and misleading information on United States Department of
Commerce Shipper's Export Declaration ("SED") forms in connection
with his March 2016 shipment of cosmetics to CC-1.  ROSE executed
SED forms that fraudulently stated that the "ultimate consignee"
— which is defined by regulation as the "principal party in
interest located abroad who received the exported . . . items" and
"not a forwarding agent or other intermediary," 15 C.F.R. § 748.5
— for Forsythe's goods was an intermediary shell company or
companies in the UAE, and not Company-1 in Iran.  In or about March
2016, at CC-1's request, ROSE also submitted SED forms that
fraudulently lowered the purchase price for the goods purchased by
Company-1 in order to aid CC-1 in evading UAE customs payments.

## The International Emergency Economic Powers Act

8.    The International Emergency Economic Powers Act
("IEEPA"), codified at Title 50, United States Code, Sections 1701-
1706, conferred upon the President the authority to deal with
unusual and extraordinary threats to the national security and
foreign policy of the United States.   Section 1705 provides, in
part, that "[i]t shall be unlawful for a person to violate, attempt
to violate, conspire to violate, or cause a violation of any
license, order, regulation, or prohibition issued under this
chapter."  50 U.S.C. § 1705(a).

## The Iranian Transactions and Sanctions Regulations

9.    On March 15 and May 6, 1995, the President issued
Executive Orders Nos. 12957 and 12959, pursuant to the IEEPA,
prohibiting, among other things, the exportation, reexportation,
sale, or supply, directly or indirectly, to Iran of any goods,
technology, or services from the United States or by a United
States person, and on August 19, 1997, issued Executive Order No.
13059 clarifying the previous orders (collectively, the "Executive
Orders").   The Executive Orders authorized the United States
Secretary of the Treasury to promulgate rules and regulations
necessary to carry out the Executive Orders.   Pursuant to this
authority, the Secretary of the Treasury promulgated the Iranian
Transactions   Regulations   (renamed   in   2012,   the   Iranian

4

Transactions and Sanctions Regulations, the "ITSR") implementing the sanctions imposed by these Executive Orders.

10. The ITSR, Title 31, Code of Federal Regulations, Section 560 et seq., prohibit, among other things, the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States person, of any goods, technology, or services to Iran or the Government of Iran (with certain limited exceptions), including the exportation, reexportation, sale or supply of goods, technology, or services to a third country knowing or having reason to know that such goods, technology, or services are intended for Iran or the Government of Iran, without a license from OFAC. 31 C.F.R. § 560.204.

11. The ITSR further prohibit transactions that evade or avoid, have the purpose of evading or avoiding, cause a violation of, or attempt to violate the ITSR. 31 C.F.R. § 560.203.

## STATUTORY ALLEGATIONS

12. From at least in or about 2015, up to and including in or about 2018, in the Southern District of New York, Iran, the UAE, Canada, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state or District, MICHAEL ROSE, the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, and whose point of entry in the

United States is expected to be the Southern District of New York, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to violate, and to cause a violation of, licenses, orders, regulations, and prohibitions issued under the IEEPA.

13.   It was a part and an object of the conspiracy that MICHAEL ROSE, the defendant, and others known and unknown, would and did provide and cause others to provide financial services and goods to Iran prohibited by U.S. law, without first obtaining the required approval of OFAC, and to evade and avoid the requirements of U.S. law with respect to the provision of financial services and goods to Iran, in violation of Executive Orders 12959, 13059, 13224, 13599, 13622, and 13645 and 31 C.F.R. §§ 560.203, 560.204, 560.205, and 560.427.

## Overt Acts

14.   In furtherance of the conspiracy and to effect the illegal object thereof, MICHAEL ROSE, the defendant, and his coconspirators committed the following overt acts, among others:

a.   On or about May 16, 2015, CC-1 sent an email to ROSE in which he provided ROSE with his "First order List" consisting of several types of nail polish.  CC-1 also requested that ROSE send him "the exclusive agency contract with [Company-1]'s name for Iran's territory."

6

b.    On or about May 24, 2015, CC-1 sent an email to CC-2 directing him to send $38,636 to Forsythe in the United States.    CC-1 also attached an invoice to the email for the same amount of money.    Although CC-1 sought to procure the nail polish for Company-1 in Iran, the invoice falsely represented the buyer of the equipment as a front company in the UAE.

c.    On or about June 18, 2015, ROSE sent an email to CC-1 with the text "Please confirm" along with an attached contract which provided that CC-1 and Company-1 would be the exclusive distributors for Forsythe's products in Iran.    CC-1 replied by email "It's confirmed" and requested that ROSE send two signed and stamped copies of the contract to CC-1's address in Tehran, Iran.

d.    On August 9, 2015, ROSE honored Forsythe's exclusivity contract with Company-1 by forwarding CC-1 an email from an Iranian cosmetics distributor requesting a partnership with Forsythe to import the company's cosmetics into Iran.

(Title 50, United States Code, Section 1705; Title 18, United States Code, Section 3238; Executive Orders 12959, 13059, 13224, 13599, 13622, and 13645; Title 31, Code of Federal Regulations, Sections 560.203, 560.204, 560.205, and 560.427.

## COUNT TWO

### (Conspiracy to Commit Bank Fraud)

The Grand Jury further charges:

15.    The allegations contained in paragraphs 1 through

11 and 14 of this Indictment are repeated, realleged, and incorporated by reference as if fully set forth herein.

16.   From at least in or about 2015, up to and including in or about 2018, in the Southern District of New York, Iran, the UAE, Canada, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state or District, MICHAEL ROSE, the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, and whose point of entry in the United States is expected to be the Southern District of New York, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

17.   It was a part and an object of the conspiracy that MICHAEL ROSE, the defendant, and others known and unknown, would and did execute and attempt to execute a scheme or artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of such a financial institution, by means of false and fraudulent pretenses, representations, and promises,

8

to wit, ROSE, CC-1, and CC-2 knowingly caused FDIC-insured banks to unintentionally conduct financial transfers for the benefit of Iranian entities, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3238.)

## COUNT THREE

### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

18.   The allegations contained in paragraphs 1 through 11 and 14 of this Indictment are repeated, realleged, and incorporated by reference as if fully set forth herein.

19.   From at least in or about 2015, up to and including in or about 2018, in the Southern District of New York, Iran, the UAE, Canada, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state or District, MICHAEL ROSE, the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, and whose point of entry in the United States is expected to be the Southern District of New York, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

20.   It was a part and an object of the conspiracy that MICHAEL ROSE, the defendant,  and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds to places in the United States from and through places outside the United States, in amounts exceeding $10,000, with the intent to promote the carrying on of specified unlawful activity, to wit, (a) the conspiracy to violate IEEPA, as charged in Count One of this Indictment, and (b) the conspiracy to commit bank fraud, as charged in Count Two of this Indictment.

(Title 18, United States Code, Sections 1956(h) and 3238.)

## FORFEITURE ALLEGATION

### (Counts One and Two)

21.   As a result of committing the offenses alleged in Counts One and Two of this Indictment, MICHAEL ROSE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two of this Indictment, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

## FORFEITURE ALLEGATION

### (Count Three)

22.   As a result of committing the offense alleged in Count Three of this Indictment, MICHAEL ROSE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to, a sum of money representing the amount of property that was involved in the money laundering offense or is traceable to such property.

### Substitute Assets Provision

23.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        a)    cannot be located upon the exercise of due diligence;

        b)    has been transferred or sold to, or deposited with, a third person;

        c)    has been placed beyond the jurisdiction of the court;

        d)    has been substantially diminished in value; or

        e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of said defendant up to the value of the above forfeitable

property.

          (Title 18, United States Code, Sections 981, 982;
             Title 13, United States Code, Section 305;
             Title 21, United States Code, Section 853;
           Title 28, United States Code, Section 2461.)

_____
Foreperson

_____
AUDREY STRAUSS
United States Attorney

12

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

MICHAEL ROSE,

Defendant.

---

INDICTMENT

21 Cr. _____

(18 U.S.C. §§ 1349, 1956, 3238; 50
U.S.C. § 1705; 31 C.F.R. §§ 560.203,
560.204, 560.205, 594.201, 594.204, and
594.205.)

AUDREY STRAUSS
United States Attorney.

Foreperson.

13